Opinion issued May 21, 2009

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00304-CR






VINCENT GOREE WOODARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 56,344--Count Two






O P I N I O N


 A jury convicted appellant, Vincent Goree Woodard, of aggravated robbery and
assessed punishment at 50 years' confinement and a $10,000 fine. In a single issue
on appeal, appellant contends that the trial court erred in charging the aggravating
elements of the offense in the disjunctive, thereby violating appellant's constitutional
right to a unanimous verdict. We affirm.

BACKGROUND

 On July 25, 2007, appellant and Eddie Johnson entered the home of T.B., an
85-year-old woman. The men pulled T.B. from the bed, beat her, tied her to a chair,
and hit her on the head with a hammer. Appellant and Johnson then ransacked T.B.'s
home before fleeing with her pick-up truck, her purse, and her prescription medicines. 
T.B. eventually freed herself, called the police, and gave them a description of her
assailants.

 Soon thereafter, Sergeant Wallace of the Brazoria County Sheriff's Office saw
a truck matching the description of T.B.'s pick-up run a red light. When Wallace
attempted to stop the pick-up, the driver sped away. Several police units joined in the
chase. Appellant, who was driving the pick-up, eventually drove into a muddy field. 
The passenger, Eddie Johnson, jumped out of the truck and was apprehended. After
police shot out the tires of the truck, appellant was forcibly removed from the truck
and arrested. When police searched appellant incident to his arrest, they discovered
T.B.'s prescription medicine in his pocket.

CHARGING AGGRAVATING FACTORS IN THE DISJUNCTIVE


 In his sole point of error, appellant contends the trial court violated his
constitutional right to a unanimous verdict by disjunctively submitting the
aggravating factors of the aggravated robbery statute to the jury. Specifically,
appellant argues that each aggravating factor of the aggravated robbery statute
charges a separate offense, thereby requiring a unanimous verdict.

The Aggravated Robbery Statute

 Appellant was charged with aggravated robbery. The aggravated robbery
statute provides as follows:

 (a) A person commits an offense if he commits robbery as defined in
Section 29.02, and he:

 (1) causes serious bodily injury to another;

 (2) uses or exhibits a deadly weapon; or

 (3) causes bodily injury to another person or threatens or places
another person in fear of imminent bodily injury or death, if the
other person is:

 (A) 65 years of age or older; or

 (B) a disabled person.

 (b) An offense under this section is a felony of the first degree.


Tex. Penal Code Ann. § 29.03(a) (Vernon 2003). Thus, the aggravated robbery
offense provides three "aggravating factors"--causing serious bodily injury, using
or exhibiting a deadly weapon, or causing bodily injury to an elderly or disabled
person.

The Indictment

 The indictment in this case alleged that appellant "did then and there while in
the course of committing theft of property owned by T.B., and with the intent to
obtain or maintain control of said property"

 (1) "recklessly cause bodily injury to T.B. by hitting T.B. with a hammer
and said defendant did use or exhibit a deadly weapon, namely, a
hammer, which in the manner of its use or intended use was capable of
causing death or serious bodily injury;" or


 (2) "cause serious bodily injury to T.B. by hitting T.B. with a hammer;"
or


 (3) "recklessly cause bodily injury to T.B., a person 65 years of age or
oder, by kicking T.B. with the defendant's foot[;]" or


 (4) "recklessly cause bodily injury to T.B., a person 65 years of age or
oder, by hitting T.B. with the defendant's hand."


 Thus, the indictment charged appellant with all three aggravating factors of the
aggravated assault statute. The first paragraph charged causing bodily injury with a
deadly weapon. Tex. Penal Code Ann. § 29.03(a)(2). The second paragraph
charged causing serious bodily injury. Tex. Penal Code Ann. § 29.03(a)(1). The
third and fourth paragraphs charged causing bodily injury to a person 65 years of age
or older, but each paragraph alleged a different manner and means. Tex. Penal
Code Ann. § 29.03(a)(3)(A). 

The Jury Charge


 The jury charge provided as follows:


 Now if you find from the evidence beyond a reasonable doubt, that in
Brazoria County, Texas, on or about the 25th of July, 2007, the
defendant VINCENT GOREE WOODARD, did then and there, acting
alone or as a party as that term has been previously defined, while in the
course of committing theft of property owned by T.B., and with intent
to obtain or maintain control of said property, intentionally or knowingly
or recklessly cause bodily injury to T.B. by hitting T.B. with a hammer
and said defendant did use or exhibit a deadly weapon, namely, a
hammer, which in the manner of its use or intended use was capable of
causing death or serious bodily injury; or if you believe beyond a
reasonable doubt that in Brazoria County Texas on or about the 25th of
July, 2007, the defendant VINCENT GOREE WOODARD, did then and
there, acting alone or as a party as that term has been previously defined,
while in the course of committing theft of property owned by T.B., and
with intent to obtain or maintain control of said property, intentionally
or knowingly cause serious bodily injury to T.B. by hitting T.B. with a
hammer; or if you believe beyond a reasonable doubt that in Brazoria
County, Texas on or about the 25th of July, 2007, the defendant
VINCENT GOREE WOODARD, did then and there, acting alone or as
a party as that term has been previously defined, while in the course of
committing theft of property owned by T.B., and with intent to obtain or
maintain control of said property, intentionally or knowingly cause
bodily injury to T.B., a person 65 years of age or older, by kicking T.B.
with the defendant's foot; or if you believe beyond a reasonable doubt
that in Brazoria County, Texas on or about the 25th of July, 2007, the
defendant VINCENT GOREE WOODARD, did then and there, acting
alone or as a party as that term has been previously defined, while in the
course of committing theft of property owned by T.B., and with intent
to obtain or maintain control of said property, intentionally or knowingly
or recklessly cause bodily injury to T.B., a person 65 years of age or
older, by hitting T.B. with the defendant's hand; then you will find the
defendant guilty of the offense of Aggravated Robbery as charged in the
indictment. You are instructed that your verdict must be unanimous as
to the manner and means of the commission of the acts set out above.


Application of Landrian v. State


 In Landrian v. State, 268 S.W.3d 532 (Tex. 2008), the Court of Criminal
Appeals considered the unanimity requirement in the context of an aggravated assault
prosecution. First the court noted that the simple assault statute sets out three 
separate and distinctive assaultive offenses, two of which were relevant to the
case--assault by bodily injury and assault by threat. Landrian, 268 S.W.3d at 536. 
See Tex. Penal Code Ann. § 22.01 (Vernon Supp. 2008). The aggravated assault
statute then provides two ways to elevate a simple assault to an aggravated
assault--by causing serious bodily injury or by using or exhibiting a deadly weapon. 
Landrian, 268 S.W.3d at 538. The court then stated that "aggravated assault under
each distinct assaultive crime is a separate crime: aggravated assault with the
underlying crime of assault by causing bodily injury and aggravated assault with the
underlying crime of assault by threat." Id. at 540. However, the court noted that once
the underlying type of assault is defined , "the aggravating factors or elements [of the
aggravated assault statute] are simply the way in which the simple assault becomes
a more serious offense." Id. "Because the aggravated-assault statute defines two or
more circumstances or factors by which the defendant's punishment for a specific
criminal act is increased, the defendant may be convicted if each juror concluded that
at least one of the aggravating factors or elements exist." Id. at 539. In other words,
if the underlying assaultive crime is the same, the aggravating factors are "simply
descriptions of separate means by which a single offense of assault may be
committed," and unanimity on the aggravating factors is not required. Id.

 To reach this conclusion, the Court of Criminal Appeals applied "the eighth
grade grammar test," noting that the appellant (the subject) caused (the verb) bodily
injury (the direct object) to one person (the complainant). Id. at 541. One
aggravating factor was that the defendant caused serious bodily injury and the other
was that he used a deadly weapon, but under both aggravating factors, the gravamen
of the offense was the same. Id. The gravamen of the offense for aggravated assault
was "causing bodily injury," which was the type of underlying assault alleged. Id. at
537, 541. Therefore, unanimity was not required for the aggravating factors. Id.

 With Landrian in mind, we apply its lessons and reasoning to the robbery and
aggravated robbery statutes. Like the assault statute, the robbery statute provides two
separate, underlying robbery offenses--robbery causing bodily injury and robbery by
threat. See Tex. Penal Code Ann. § 29.02(a)(1), (2) (Vernon Supp. 2008). Both
the indictment and the charge show that the underlying robbery offense involved in
this case was robbery by causing bodily injury. Thus, the "gravamen of the offense"
for all four paragraphs of the charge was the same. Therefore, we conclude that, as
in Landrian, the aggravating factors in this case are simply descriptions or means by
which the underlying offense of robbery by causing bodily injury can be committed. 
Landrian, 268 S.W.3d at 539. Under these circumstances, unanimity as to the
aggravating factors was not required, and the jury could convict appellant of
aggravated robbery if each juror concluded that at least one of the aggravating factors
of section 29.03 was proved. (1)

 Accordingly, we overrule appellant's sole point of error.


CONCLUSION

 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


Publish. Tex. R. App. P. 47.2(b).
1. " 
 "